## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARA ASHBY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P., dba ARNOLD PALMER GOLF MANAGEMENT,<br><br>Defendant. | Case No.:  1:14-cv-00759<br><br>**JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT

Plaintiff, by her undersigned attorneys, alleges upon knowledge as to herself and upon information and belief as to all other matters as follows:

1.     Plaintiff was a server on the banquet staff at one of four golf clubs in New York state owned and/or run by defendant Century Golf Partners Management, L.P., dba Arnold Palmer Golf Management ("Century Golf"), a Dallas-based company.

2.     The New York clubs are: Fox Valley Club in Lancaster, New York; Brierwood Country Club in Hamburg, New York; Harbor Links in Port Washington, New York; and the Tan Tara Golf Club in North Tonawanda, New York.

3.     These clubs provide catering and banquet services for various events.

4.     These clubs, on information and belief, each fail to remit gratuities to workers; fail to pay appropriate overtime; and unlawfully require workers to buy uniforms without reimbursing them.

### PARTIES

5.     Kara Ashby worked as a server at Defendant's Fox Valley location.   Ms. Ashby is currently a resident of the State of New York.

6.    Defendant Century Golf is headquartered at Three Lincoln Centre, 5430 LBJ Freeway, Suite 1400, Dallas, Texas, 75240.

7.    On information and belief Century Golf is responsible for the employment policies at the four facilities.

## VENUE AND JURISDICTION

8.    This Court has subject matter jurisdiction under to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

9.    This Court also supplemental jurisdiction over Plaintiff's New York state law claims under to 28 U.S.C. § 1367 because those claims derive from the same operative facts.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because a substantial part of the conduct alleged occurred within this District, and the Defendant is subject to personal jurisdiction in this district.

## FACTS

### Unlawful Retention of Gratuities

11.    Customers are charged a "Service Charge" of 20%.

12.    Reasonable customers believe this "Service Charge" is a tip for the staff who worked on the customers' event.

13.    In reality, the "Service Charge" is a gratuity and under New York state law must be given to the staff.  However, Defendant does not give the "Service Charge" to the staff.

### Failure to Pay Overtime

14.    Defendant requires or permits workers to work off the clock without appropriate straight time or overtime pay.

15.    Under New York and federal law, Defendant is required to pay workers for all hours worked and to pay time and a half for hours worked in excess of forty during a work week.

16.     Defendant does not pay workers for all hours worked and does not pay workers for time and a half for all hours worked over forty in a workweek.

17.     Defendant requires or permits workers to work off the clock without appropriate straight time or overtime pay.

### Failure to Pay for Uniforms

18.     Defendant has a policy of requiring staff to wear a certain uniform, including bow ties, black vests, and tuxedo shirts.

19.     Defendant requires the workers to buy the uniform.

20.     Under New York law, Defendant is required to provide or reimburse workers for the cost of the uniform.  However, Defendant does not reimburse workers for the cost of the uniform.

### CLASS AND COLLECTIVE CERTIFICATION ALLEGATIONS

21.     Plaintiff brings this action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b).  Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the Class for claims under New York law.

22.     The claims under the FLSA may be pursued by those who opt in to this case pursuant to 29 U.S.C. §216(b).  The claims brought pursuant to the New York State laws may be pursued by all similarly-situated persons who do not opt out of the New York Class pursuant to Fed. R. Civ. P. 23.

23.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of the members of the Class is unknown to Plaintiff at

this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are hundreds of individuals in the Class.

24.     The claims of Plaintiff are typical of the claims of the Class she seeks to represent.  Plaintiff and the members of the Class work or have worked for Defendant at a New York facility and were subject to the same compensation policies and practices, including not being compensated for uniform purchase, not receiving service charges and not being properly compensated for all hours worked.

25.     Common questions of law and fact exist that predominate over any questions only affecting Class members individually and include, but are not limited to, the following:

      a.     whether Plaintiff and the Class were entitled to receive service charges paid to Defendant and whether the members of the Class, in fact, received them;

      b.     whether Defendant has failed to pay Plaintiff and members of the Class all overtime compensation due to them for all hours worked in excess of forty hours per week;

      c.     whether  Plaintiff and the members of the Class were expected to and/or were forced to regularly work hours without compensation in violation of applicable New York and federal law; and

      d.     whether Plaintiff and the members of the Class were properly reimbursed for their required purchases of uniforms.

26.     Plaintiff will fairly and adequately protect the interests of the Class because her interests are in alignment with those of the members of the Class.  She has no interests adverse to the Class she seeks to represent, and she has retained competent and experienced counsel.

27.     The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY APPROPRIATE OVERTIME UNDER FEDERAL LAW

28.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

29.     Defendant is an "employer" engaged in interstate commerce within the meaning of the Fair Labor Standards Act.

30.     Plaintiff and the Class were "employees" under the Fair Labor Standards Act.

31.     Defendant has willfully failed to pay Plaintiff and the Class appropriate overtime under the Fair Labor Standards Act by not calculating the workers' overtime properly and by not paying them time and half for all hours worked over forty per work week.

32.     Plaintiff and the Class are entitled to compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND COUNT

### WITHOLDING GRATUITIES UNDER NEW YORK LAW

33.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

34.     Plaintiff and the members of the Class are employees under New York law.

35.     Defendant is an employer under New York law.

36.     The "service charges" are really gratuities under New York law and must be paid to the workers under New York Labor Law Article 6 § 196-d.

5

37.     Defendant unlawfully withheld and retained gratuities and portions of gratuities that reasonable customers would believe would be distributed to members of the class.

38.     Defendant is liable to Plaintiff and the Class in an amount to be determined at trial plus interest, attorney's fees and costs.

## THIRD COUNT

## FAILURE TO REIMBURSE WORKERS FOR COSTS OF UNIFORMS UNDER NEW YORK LAW

39.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

40.     Defendant requires workers to purchase uniforms and does not reimburse them for the cost of the uniforms as required under New York law.

41.     As a result Plaintiff and the members of the Class are entitled to restitution and other damages to be determined.

## JURY DEMAND

42.     Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all similarly situated workers, request the following relief:

A.     Collective action certification and permission to distribute appropriate notice under 29 U.S.C. §216(b);

B.     Class certification under Federal Rule of Civil Procedure 23 of a class consisting of all workers in the State of New York who have been subjected to the wrongful conduct described above;

C.     All unpaid wages including overtime and reimbursement for uniform expenses;

D.     Liquidated damages under both New York law and the Fair Labor Standards Act;

E.     Attorneys' fees, expenses and costs; and

F.     Such other relief as the Court deems fair and just.

Date:  Buffalo, New York                    Respectfully submitted,
       September 10, 2014


                                            MUSCATO, DIMILLO & VONA, LLP
                                            P. Andrew Vona, Esq.
                                            Brian J. Hutchison, Esq.
                                            107 East Avenue
                                            Lockport, NY 14094